# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40616**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Justin P. MITTON**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 16 June 2025

————————————

*Military Judge*: Vicki L. Marcus.

*Sentence*: Sentence adjudged on 22 February 2024 by GCM convened at Eielson Air Force Base, Alaska. Sentence entered by military judge on 2 April 2024: Bad-conduct discharge, confinement for 16 months, reduction to E-1, and a reprimand.

*For Appellant*: Lieutenant Colonel Allen S. Abrams, USAF; Captain Samantha M. Castanien, USAF.

*For Appellee*: Lieutenant Colonel Jenny A. Liabenow, USAF; Captain Heather R. Bezold, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, GRUEN, and ORTIZ, *Appellate Military Judges*.

Judge ORTIZ delivered the opinion of the court, in which Chief Judge JOHNSON and Judge GRUEN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

ORTIZ, Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of four specifications of abusive sexual contact, each without consent, to gratify his sexual desire, in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920.[1] Appellant was sentenced to a bad-conduct discharge, confinement for 16 months, reduction to the paygrade of E-1, forfeiture of all pay and allowances, and a reprimand. The convening authority took no action on the findings but disapproved the adjudged forfeiture of total pay and allowances, suspended the adjudged reduction of rank for a period of six months to be remitted after six months and waived automatic forfeitures for the benefit of Appellant's daughter for a period of six months. The convening authority provided the language for the reprimand.

Appellant raises three issues on appeal, which we reworded: (1) whether an error in the reprimand recorded on the entry of judgment (EoJ) warrants remand for correction; (2) whether the application of 18 U.S.C. § 922 to Appellant's case unconstitutionally deprived him of his right to possess firearms; and (3) whether the "systemic" application of 18 U.S.C. § 922 to bar Appellant from possessing firearms merits sentence relief. We have carefully considered issues (2) and (3) and find that they do not require discussion or relief. *See United States v. Guinn*, 81 M.J. 195, 204 (C.A.A.F. 2021) (citing *United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987)); *see also United States v. Vanzant*, 84 M.J. 671, 681 (A.F. Ct. Crim. App. 2024) (holding the 18 U.S.C. § 922 firearm prohibition notation included in the staff judge advocate's indorsement to the EoJ is beyond a Court of Criminal Appeals' statutory authority to review), *rev. granted*, 85 M.J. 198 (C.A.A.F. 2024).[2] As to the remaining issue, we direct modification of the EoJ in our decretal paragraph.

---

[1] Unless otherwise noted, all references to the UCMJ and the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] On 27 November 2024, this court granted Appellant's motion to attach his declaration concerning his "post-trial processing and possession of firearms" but deferred whether consideration of the declaration was barred by *United States v. Jessie,* 79 M.J. 437 (C.A.A.F. 2020), and related case law until the court's Article 66, UCMJ, 10 U.S.C, § 866, review of the entire case was complete. In light of the court's ruling on issues (2) and (3), the court need not determine whether consideration of the declaration was barred.

## I. BACKGROUND

After reviewing Appellant's clemency matters and consulting with his staff judge advocate, the convening authority signed the convening authority decision on action memorandum (Decision on Action). In the Decision on Action, the convening authority set out the language for Appellant's reprimand, which stated:

> You are hereby reprimanded! In blatant disregard of the law and all standards of decency and morality, you touched your daughter in a sexual manner on multiple occasions over the course of several years, bringing tremendous discredit upon yourself and the United States Air Force. As a noncommissioned officer, our nation's young men and women looked *to* you for guidance and mentorship. You have proven yourself entirely unfit for such a position, as even your own child was not safe from your abuse. Rest assured, you will not be allowed to remain in any position to lead or mentor our Airmen. I can only hope that you will reflect seriously on the grave nature of your misconduct and never repeat your illegal, despicable behavior. Know that you will be under the closest scrutiny, and any further misconduct on your part may result in more severe action against you.

(Emphasis added).

The EoJ erroneously changed a single word from the convening authority's authorized reprimand: "As a noncommissioned officer, our nation's young men and women looked *at* you for guidance and mentorship." (Emphasis added). Appellant did not file a post-trial motion for correction of the EoJ. *See* Rule for Courts-Martial (R.C.M.) 1003(b)(1).

## II. DISCUSSION

Both parties acknowledge that the EoJ does not accurately reflect the convening authority's reprimand language authorized in the Decision on Action. However, both parties also acknowledge that the change to the authorized reprimand in the EoJ is "small" and that the erroneous language does not change the overall meaning conveyed by the convening authority's authorized reprimand language. Rather than remand the case, this court will modify the EoJ in our decretal paragraph pursuant to our authority under R.C.M. 1111(c)(2). *See United States v. Hinds*, No. ACM S32756, 2024 CCA LEXIS 315, at *5 (A.F. Ct. Crim. App. 31 Jul. 2024) (unpub. op.) (holding Courts of Criminal Appeals can exercise R.C.M. 1111(c)(2)'s power to correct reprimand language in the EoJ to align with the approved reprimand language in the Decision on Action).

### III. CONCLUSION

Consistent with our authority granted under R.C.M. 1111(c)(2), we correct the EoJ for the following sentence in the reprimand to read as follows: "As a noncommissioned officer, our nation's young men and women looked to you for guidance and mentorship." The findings are correct in law. Article 66(d), UCMJ, 10 U.S.C. § 866(d) (*Manual for Courts-Martial, United States* (2024 ed.)). In addition, the sentence is correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court